Per Curiam.

The defendant was originally a British *407 subject, and by an act of the legislature was made a naturalized *citizen of this state, and must have then in 1784 taken an oath of allegiance to this state. In 1795 he took an oath of allegiance to the king of ¡Spain, and was appointed by the Spanish king, his consul for this state, and has since been appointed consul-general for the United States. In this situation, he claims to be an alien, and, as such, entitled to the privilege of being sued in the courts of the United States. We are of opinion that he has no title to that privilege ; and without deciding on the general right of expatriation,(a) that he cannot be considered as having devested himself of the character of an American citizen ; for he cannot devest himself of that character without, at least, changing his domicil. While he continues to reside here, we have a right to consider him as a citizen of this state. If a different rule should prevail, it would be in the power of the sovereign of any other nation thus to naturalize any of our citizens ; and in the heart of our country, to detach them from the allegiance they owe to its government. The motion must be denied.
Motion denied.

(a) This question is considered, and the English and American authorities examined in 2 Kent Comm. ed. 1832, 39-50.