Spencer, . J.
delivered the opinion of the court. The motion for a new trial is made on two groujsds; 1. A material concealment ;(a) 2. A material representation as to the time the vessel was out. The concealment is supposed to consist in not communicating the' storm, and all that Captain Weaver might have related. B ut Captain Weaver does not pretend that the' plaintiff knew of his arrival. He states that about a week 'after he arrived, a Mr. Hillian, wbo was interested in tbe cargo of tbe Margaret, inquired of him when gbe sailed, expressing at tbe same time bis fears that she was lost. To make out tbe misrepresentation, tbe defendant relies on tbe two letters adduced by bim in evidence; contending that by tbe first there was a positive assertion of-tbe Margaret’s being out 26 days, when by tbe second she appears to have been out 27.
At tbe trial tbe judge fully submitted tbe cause to tbe jury, on tbe point of concealment, expressing bis opinion to them pretty strongly that there bad been a material concealment; *witli respect to tbe difference cf tbe day, be intimated an opinion that it was not r, material misrepresentation. Tbe jury by their verdict, have considered that there were no material concealments; pnd, unless tbe evidence preponderates against it, it ought not, on this point, to be disturbed. There was no evidence that tbe plaintiff knew of tbe gale which Weaver bad encountered. He might or be might- not. To intend that he did not know of it, and concealed it from tbe defendant, s to intend from mere possibilities that be bad been guilty )f a fraud. This would be a presumption against legal maxims, and, in this stage of tbe cause, against tbe solemn finding of the jury. The charge of withholding information from tbe assurer, as to tbe arrival of a vessel at Baltimore, which sailed three days after tbe Margaret, is equally unfounded. The plaintiff’s letter of tbe 3d of January, 1802, in which be observes, “ I have information of her sailing,” sufficiently apprised tbe defendant that a vessel which sailed with or after the Margaret, had arrived. If, however, there is any pretence for deeming this a concealment, tbe jury have passed upon it, and considered it an immaterial circumstance. With a verdict, on these grounds, tbe court can perceive no reason to be dissatisfied.
Tbe fact of misrepresentation is alleged to consist in tbe plaintiff’s stating, as an independent and substantive fact, that tbe Margaret bad been out but twenty-six days, when *333 in truth she bad then been out twenty-seven. But the plaintiff did not know the fact to be different from wbat be represented it. The court do not mean to decide that a misrepresentation of one day may not be material, and avoid a policy. They forbear expressing, in this ease, an opinion on that point; but they are clearly of opinion, that when the plaintiff represented, “ I have information of her “ sailing, and she has been out this day twenty-six days,” in good sense and strict construction, the information was applicable as well to the sailing as the time she had been out. The court, therefore, deny the motion, with costs.
New trial refused.

 See Ely v. Hallett, ante, 57, and note to that ease.