NEW-YORK,
May, 1809.

Van Benthuysen
v.
De Witt and
others.

---

VAN BENTHUYSEN and another *against* DE WITT
and others.

THIS case came before the court, on the return to a writ of error, from the common pleas of *Dutchess* county.

The suit below was on a bond given by the plaintiffs in error, to the defendants, as overseers of the poor of *Rhynebeck*, to indemnify the town against the maintenance of a bastard child.

The defendants below pleaded,

1. *Non est factum*, and

2. Performance of the condition.

The plaintiffs replied, setting forth a breach, and issue was joined thereon. The verdict was taken upon the first issue only, by which the jury found that the bond was the deed of the defendants, and they assessed damages, by reason of the detention of the debt, to 1 cent, besides the costs and charges to 6 cents. A judgment was given thereon for the debt and costs.

In suits on bonds for the performance of covenants, it is compulsory on the plaintiff to assign breaches and have his damages assessed; and if no damages are assessed on the breaches assigned, it will be error.

NEW-YORK,
May, 1809.

Van Benthuysen
v.
De Witt and
others.

The case was submitted to the court without argument. The question was, whether it is not error to enter a judgment for the debt, before the jury have passed upon the second issue, and if found in favour of the plaintiff, until they shall have assessed damages for the breach assigned.

*Per Curiam.* In suits on bonds for the performance of covenants, it is compulsory on the plaintiff to assign breaches, and have his damages assessed. (2 *Caines*, 329.) And when breaches are assigned, the jury at the trial must assess damages for such breaches as the plaintiff shall prove to have been broken, otherwise the verdict is erroneous, and a *venire de novo* will be awarded. This was so held in the case of *Drage* v. *Brand*, (2 *Wils.* 377.) where the jury having found that the defendant owed the debt, and having omitted to assess damages for the breach assigned, a *venire de novo* was awarded. In *Hardy* v. *Bern*, (5 *Term Rep.* 636.) error was brought into the exchequer chamber upon the judgment, because, as the breaches were denied by the defendant, and issue joined thereon, the jury had found the issues for the plaintiffs, and had given only damages for the detention of the debt, and had not assessed damages for the breaches. And upon the opinion of Lord *Kenyon*, and of Mr. Justice *Buller*, that the damages must be assessed, the judgment was reversed, and a *venire de novo* awarded.

In the present case, there is this further defect, that the jury have not passed at all upon the second issue.

We are, accordingly, of opinion, that the judgment below must be reversed, and that a *venire de novo* be awarded, at the election of the defendants in error, returnable at the *Dutchess* circuit.

\* See *ante*, p. 189.

Judgment below reversed.\*