BROWN *against* VAN DUZEN.

*In an action of debt, on a recognisance taken in a justice's court, on a plea of title, it is incumbent on the plaintiff to prove the recognisance, andcommencement of a suit, before the next term of the common pleas. And the defendant may enter into any evidence to show that the writ was not issued with a bona fide intent to have it served, and that the commencement of the suit was collusive.*

*Whether a mere delivery of the writ to the sheriff is a commencement of a suit? and whether the recognisance ought not to be taken in the name of the people? Quære.*

IN ERROR, from the court of common pleas of *Orange* county. This was an action of debt on a recognizance for fifty dollars, taken before a justice of the peace, upon a plea of title, pursuant to the 10th section of the twenty-five dollar act, brought by *Brown* against *Van Duzen*, who was impleaded with *Reynolds*. In the action before the justice, *Brown* was plaintiff and *Reynolds* defendant, and *Van Duzen* entered into the recognisance as surety for *Reynolds*. The breach assigned by the plaintiff in his declaration was, that *Reynolds* did not appear and put in bail, at the next court of common pleas, to a suit commenced against him by the plaintiff, according to the condition of the recognisance. The defendant pleaded *nil debet*, and gave notice of evidence that the plaintiff had discharged the recognisance.

The plaintiff produced and proved the recognisance, and that he issued a writ in trespass, in the *Orange* county common pleas, returnable at the next term after the recognisance was taken, which, in consequence of the death of the deputy sheriff shortly after it was delivered to him, was lost, and the defendant therein had never been arrested. An entry was made on the roll of the issuing of this writ. The plaintiff attempted to prove that the deputy sheriff endeavoured to serve the writ, and that *Reynolds* eluded him, and kept himself armed to prevent an arrest.

The defendant, *Van Duzen*, went into evidence to show that the issuing the writ against *Reynolds* was a feigned proceeding; and declarations and acknowledgments by the plaintiff were proved, to this effect; " that it was in his power to have taken *Reynolds*, if he wished, but that it had not been his intention to do so, and that he had some other person in view to charge." To this evidence the plaintiff objected, and on his objection being overruled, the bill of exceptions was taken. The jury below gave a verdict for the defendant.

*Fisk*, for the plaintiff in error. The only question is, whether improper evidence was not admitted by the court below. It was not competent to give in evidence the confessions or declarations of *Brown*. This recognisance could not be discharged by an accord and satisfaction. It can only be discharged by matter of as high a nature; nor is accord and satisfaction a plea to an action of debt on a bond, conditioned to do a collateral thing,* nor where a less sum is paid.†

* 1 *Comyn's Dig.* 181. *Accord*, A. 2. 2 *Cro.* 99.
† 5 *Johns. Rep.* 391.

*C. Ruggles,* contra. *Nil debet* was a proper plea, and the only question is, whether the evidence offered was admissible. A surety may set up in his defence a neglect of the principal, in prosecuting for a default.‡ Here was a fraudulent collusion between the obligee and principal to charge the surety. Where *A.* becomes surety to *B.* for the good conduct of *C.*, in the service of *B.*, and *B.* conceals from the surety the acts of misconduct of *C.*, it will discharge the surety.§

‡*People v. Jansen,* 7 *Johns. Rep.* 332.

§ *Peel v. Tatlock,* 1 *Bos. & Pull.* 419.

PLATT, J. delivered the opinion of the court. It was incumbent on the plaintiff to prove, 1. The recognisance; and, 2. That he commenced a suit for the trespass, before the next term of the common pleas.

Whether merely issuing the writ and delivering it to the sheriff to be served, without actual service, and without an *alias and pluries capias*, can be deemed *a commencement of the suit*, in the sense of this recognisance; and whether the *recognisance* ought not to be taken to the people, are questions which need not be decided in this case.

It was indispensably necessary for the plaintiff to prove *at least* the delivery of the writ to the proper officer, with a *bona fide* intention of having it served; and if the defendant could show that it was a *feigned proceeding*, without intention on the part of the plaintiff to have it served, or could show ground to presume that the plaintiff had instructed the officer not to serve the writ, it was pertinent evidence; because it went to disprove "the commencement of the suit," in the largest sense of the phrase.

If the plaintiff could have succeeded in proving the *suit commenced*, he would have recovered 50 dollars of the surety,

without encountering the plea of title set up by *Reynolds.* Hence, the materiality of that evidence.

The counsel have argued the case as though the evidence offered by the defendant was intended to operate as a *direct release* or *discharge* of the recognisance, whereas, it goes to contradict an essential averment in the declaration; to wit, *the commencement of the suit against Reynolds.* In the latter view it was proper evidence; and the judgment below ought to be affirmed.

Judgment affirmed.