UTICA,<br>July, 1831.<br>Reed<br>v.<br>Drake.

Judgment affirmed, with double costs.

---

REED <em>vs.</em> DRAKE.

In an action on a bond requiring the *assignment of breaches* of the condition, the plaintiff, since the revised statutes, is bound to assign his breaches *in the declaration*, and can no longer, as was the former practice, assign them in the *replication* or *upon the record*.

In this case, upon a writ of error after verdict, the court refused to grant an amendment allowing an assignment of breaches to be inserted in the declaration, or to consider the amendment as made, although upon defective pleadings the whole merits of the case had been gone into on the trial in the court below.

Defects in pleadings which could not have been taken advantage of by *demurrer*, will not be considered as amended upon a writ of error; nor will defects be supplied, if the effect be to *alter the issue* between the parties, or the *trial* consequent thereon.

Where an obligor signs his name and affixes his seal in the space between the penal part of the bond and the condition thereof, the condition is as much a part of the instrument as if the signature was at the foot of it.

ERROR, from the New-York common pleas.    Drake sued Reed in the common pleas of New-York in the term of August, 1830, and declared in *debt on bond*, bearing date the 16th

June, 1830, for the sum of $500. The defendant pleaded, 1. *non est factum ;* and 2. That at the commencement of the suit the plaintiff was indebted to him in $500, by virtue of a bond executed by the plaintiff to the defendant, to be paid when the plaintiff should be thereto afterwards requested, and which the defendant averred himself ready and willing to set-off, and offered to *set-off* and allow against the plaintiff's bond. The plaintiff replied that the bond set forth in the second plea is an *arbitration bond,* whereby he bound himself to abide the award of certain persons as arbitrators between him and the defendant; that an award was made directing the defendant to pay to him $100, and on payment of that sum, directing the parties to execute releases to each other; that he had always been ready and willing to execute such release on his part, on payment of the $100, but that the defendant had not paid; by reason of which premises, the bond of the plaintiff became void and of no effect, and was delivered up to him by the arbitrators ; and this he is ready to verify—wherefore, &c. The defendant *rejoined,* protesting that no award had been made, and for rejoinder denied that the bond set forth in his plea was an arbitration bond, and subject to the condition as alleged in the replication, tendering an issue to the country. Upon this state of pleadings the parties went to trial.

On the trial of the cause, the bond declared on was produced ; it was an *arbitration bond* submitting all matters in controversy between the parties to the arbitrament of three persons, or any two of them, and was signed and sealed in the space *between* the *penal* and the *condition* parts of the bond. The defendant objected to the reading of the condition, contending that as it was below his signature, it should not be considered as a part of the bond ; the objection was overruled. He also insisted that the bond was *variant* from that declared on, the one having a condition, the other not; this objection was also overruled. The plaintiff offered in evidence an award made by two of the arbitrators ; the defendant objected that it was inadmissible under the declaration, and the objection was sustained by the court. The bond declared on had been in the possession of the defendant, and was filed by him with the clerk in pursuance of an order of the court ; it had *oblit-*

*erations* in it. The plaintiff now proved by two of the arbitrators that they made an award within the time specified in the bonds; that the bonds of the parties were in the custody of the third arbitrator, and if he had delivered the bond executed by the defendant to him, it had been done without their assent; they also proved the fairness of their proceedings. The plaintiff rested, and the defendant moved for a nonsuit, on the ground that the bond not being for the payment of money, the plaintiff was bound to assign breaches in the declaration; that there was no proof of the breach of any condition upon which damages could be assessed; and that the bond produced had been cancelled, and that there was no proof explaining the obliterations. The judge reserved the question arising upon the declaration, and decided that it would be for the jury to determine whether or not the bond had been *cancelled,* and if altered, whether the alterations had been made by the defendant after he obtained possession of it, and also whether or not the defendant had rightfully come to the possession of the bond. The defendant called the *third* arbitrator, who testified that when he separated from his co-arbitrators, after hearing the parties, he understood that no award was to be made, and that he according delivered up to the defendant the bond executed by him, and there was some evidence that one of the arbitrators who made the award had given reason for the belief that no award would be made—after this proof was given, the defendant *read* his second plea and the replication thereto, and rested. The plaintiff then produced in evidence the bond set forth in the plea, and, *under the replication* put in by him, offered in evidence the award made by the arbitrators, which, in this stage of the trial, was received by the judge, although rejected to by the defendant. The award was for $100 in favor of the plaintiff. The judge charged the jury that the questions for them to determine were, whether the bond of the defendant had been cancelled; whether the award had been made within the specified time; and whether there had been fraud or corruption on the part of the arbitrators, and that according as they should decide these questions they must find their verdict; and if they found for the plaintiff, they must assess his

UTICA,
July, 1831.

Reed
v.
Drake.

damages to the amount of the award. The jury found a ver-
dict for the plaintiff for $102$\frac{80}{100}$ upon which judgment was
entered, and the defendant having obtained a bill of excep-
tions, sued out a writ of error.

*D. B. Shepard*, for plaintiff in error. The plaintiff should
have assigned breaches *in his declaration*. Before the *revised
statutes*, it was compulsory on a plaintiff in a case like this to
assign breaches *upon the record*, and have his damages assess-
ed. 1 R. L. 518, § 7. 2 Caines, 329. 16 Johns. R. 215. 3
Wendell, 61. Since the revision, the assignment of breaches
must be *in the declaration*. 2 R. S. 378, § 5. Various other
grounds were urged by the counsel.

*D. M. Frye*, for defendant in error. Previous to the *revised
statutes* it was as compulsory as it now is to assign breaches ;
the late revision has made no alteration of the law on this
subject ; but if it has, the provisions of the revised statutes are
amply sufficient to save this judgment from *reversal*. 2 R. S.
601, § 60. Id. 424, § 4 and 7. Id. 425, § 8. Not the least
injury or prejudice has resulted to the defendant, nor has the
issue between the parties, or the trial, been altered in conse-
quence of the omission of the plaintiff to assign breaches *in his
declaration* ; for by the course of the pleadings, the condition
of the bond, the award and the breaches were fully set out ;
there was therefore no surprize upon the defendant, and the
cause was tried and submitted to the jury upon its merits. In
furtherance of justice, *amendments* will be allowed, when by
so doing no injury is sustained by the opposite party ; 6 Cow-
en, 366 ; 7 id. 483 ; 1 id. 670 ; 9 id. 194 ; 18 Johns. R. 510 ;
and where the court below are authorized to amend, this court
are empowered by the revised statutes to consider the amend-
ments as made.

*By the Court*, NELSON, J. The bond offered in evidence by
the plaintiff was signed and sealed before the condition, im-
mediately after the penal part of the bond, and the reading of
the condition was objected to as being no part of the bond. In
the stage of the trial when the objection was made, the proof

of the condition was immaterial, and if the objection was sound the evidence was complete to support the declaration; but if the condition was material, the proof of its execution and delivery was sufficient. The subscribing witness swore that mutual bonds, of which this was one, were executed and delivered by the parties, in pursuance of an agreement to submit to arbitrators certain matters in difference. The condition to each bond was to abide by the award to be made by them, and that the condition was written and read as a part of the instrument at the time of the execution and delivery. The condition was as much a part of the instrument as if the signature had been at the foot of it. The objection that there was a variance between the declaration and bond, as the condition was not set out, is obviously too untenable to require notice.

When the plaintiff rested, the defendant's counsel moved for a nonsuit, on the ground that, as there was a condition to the bond for the performance of covenants, the plaintiff was bound to assign breaches before any damages could be assessed by the jury. It is true that the jury could not assess damages upon a breach not assigned according to the requirements of the statute; still, as the execution of the bond was proved, the plaintiff would be entitled to *nominal damages*, and the court was therefore right in refusing to nonsuit him. *Hodges* v. *Suffett*, 2 Johns. Cas. 407.

Under the replication to the second plea, the plaintiff offered in evidence the award of the arbitrators, which was objected to on the ground that the only point in issue upon the second plea, was whether there was a condition to the bond as set forth in the replication. This was true, and therefore the award was admitted by the pleadings; but proving it, notwithstanding, would not be error. The judge, among other things, charged the jury, if they found for the plaintiff, they should assess damages to the amount of the award. In this he erred, as there was no assignment of breaches in the declaration. The condition of the bond upon which the suit was brought, is not set out in the declaration, nor any breaches assigned in it. This was not necessary under the statute of 1813, 1 R. L. 518, § 7. *Munro* v. *Alaire*, 2 Caines, 327. The assignment might have been made in the *replication*, if the

*UTICA,
July, 1831.*

Reed
v.
Drake.

nature of the plea demanded it ; or, if the plea did not demand it, the plaintiff might have suggested them on the circuit or nisi prius roll, pursuant to the statute, before trial. 2 Saund. 187, (a),(b). *Tuxbury* v. *Miller*, 19 Johns. R. 311. The statute of 1813, 1 R. L. 518, sec. 7, was substantially a copy of the English act of the 8th & 9th William 3d, ch. 11, sec. 8 ; and this court has considered the decisions under this act as applicable to ours. *Munro* v. *Alaire*, 2 Caines, 329. *Van Benthuysen* v. *Dewitt, et al.,* 4 Johns. R. 213. *Smith* v. *Jansen*, 8 id. 115. It was compulsory on the plaintiff to assign breaches, *Van Benthuysen* v. *Dewitt, etal.,* but he might do so in any of the modes above stated. The revised statues have changed the law in this particular. · It is now enacted, " when an action shall be prosecuted in any court of law, upon any bond, for the breaches of any condition other than the payment of money, &c. the plaintiff *in his declaration,* shall assign the specific breaches for which the action is brought." 2 R. S. 378, § 5. This differs from the law of 1813, the 7th section of which provided that in all actions, prosecuted in any court of record, upon any bond &c. " the plaintiff shall assign as many breaches as he may think fit," &c. but does not direct it to be done *in the declaration.* The revised statutes undoubtedly intended to abolish the different modes of assigning breaches by the plaintiff in actions of this kind, which had grown up under the act of 8th & 9th William 3d, and adopted under ours, and to make it compulsory on the plaintiff to assign them in the declaration. This alteration is an improvement of the law, by simplifying and abridging the ·pleadings and diminishing the costs. As under the statute of 1813, it was compulsory on the plaintiff to assign breaches in some one of the different modes authorized, if he sought to recover any thing beyond nominal damages on bonds within the statute, so now, under the revised statutes, he must assign the breaches *in the declaration,* if he seeks to recover beyond nominal damages.

It is contended by the defendant in error that the revised statutes authorize this court to *amend* the defect, by allowing an assignment of breaches in the declaration now to be ·made. The revised statutes provide that no judgment shall be reversed, &c. for any *defect of form,* or any other

UTICA,
July, 1831.

Reed
v.
Drake.

*imperfection* which, by law, might be amended by the court in which such judgment was rendered, but such imperfections shall be supplied or amended, or deemed to have been supplied or amended by the court into which the judgment is removed by the writ of error.  5 R. S. 601, § 60.  In another part of the same volume, page 424, the defects and imperfections which may be amended by the court in which the judgment is rendered are pointed out.  These provisions are very comprehensive, but after a careful examination of them, I am satisfied they do not cover the defect under consideration.  The 4th section allows amendments of the record, pleadings, process, &c. after judgment, in affirmance of it in matters of form only for any mispleading.  The 5th and 9th subdivisions of section 7, to which I have been referred, do not meet the objection in this case.  By the 5th subdivision it is enacted, the verdict shall not be stayed, or judgment upon it reversed for "*mispleading*," or "*insufficient pleading ;*" in the 9th subdivision, "nor for omitting any allegation or averment of any matters," without proving which, the jury ought not to have given such verdict.  In these instances the defect might have been taken advantage of by demurrer, as they were apparent upon the pleadings ; and the object of the provision undoubtedly was to compel the party to do so, and not lie by till after trial, or judgment.  But the objection taken in this case to the verdict and judgment, did not appear on the pleadings, and the first opportunity the defendant had to object to the assessment of damages, for want of the assignment of breaches in the declaration, was upon the trial, which was done, as appears from the bill of exceptions.  The defendant might well suppose, until the plaintiff undertook to assess special damages on the trial, from the fact that no special damages were claimed by the pleadings, that he sought only nominal damages, to which he was entitled, without any special assignment.  Again ; the 8th section, page 425, referring to the 7th section and its subdivisions, provides, that " the omissions, imperfections, defects and variances in the preceding section enumerated, and all others of the like nature, not being against the right and justice of the matter of the suit, *and not altering* the issue between *the parties* or *trial*, shall be supplied and amended by the

court where the judgment shall be given, or by the court into which such judgment shall be removed by writ of error." Now, allowing the plaintiff to amend his declaration, by assigning breaches upon the condition of the bond, must necessarily alter the issue between the parties, for the reason that the rules of pleading require the defendant to answer each breach assigned specifically. *Postmaster-General* v. *Cochran*, 2 Johns. R. 413. The amendment of an assignment of breaches could not be allowed without permitting the defendant to answer, the consequence of which would be that a new issue or issues would or might be formed. The assignment of breaches on a bond within the statute, as before shewn, must now be in the declaration ; the breaches usually constitute the subject matter of litigation, the gravamen of the suit, and the defendant should have an opportunity deliberately to answer them by pleading ; since the change of the practice by the revised statutes, to allow an amendment of an entire assignment of breaches in cases of this kind would be nearly tantamount to allowing an entire declaration by way of amendment. There are many other points made in this case, but it is unnecessary to examine them. The judgment must be reversed, the costs to abide the event, and a *venire de novo* must issue. No doubt the court below will allow the plaintiff to amend his declaration on terms.