## HARRIS and others *vs.* UNDERWOOD.

A plaintiff, whose proceedings before a justice are suspended by a plea of *title,* may, under the act of 1813, issue a *capias* at any time during the next term of the common pleas, after the putting in of the plea before the justice, and such issuing of process is a compliance with the condition upon which the liability of the cognizors depends: the words *before the next court of common pleas* in the statute directing the tribunal in which the subsequent proceedings are to be had, and not prescribing the time of the issuing of the process.

It is enough, in such case, that the *capias* be in an action of *trespass;* it need not contain an *ac-etiam* clause, particularly specifying the cause of action, or referring to the suit before the justice; and *it seems* that proof *aliunde* connecting the two suits is not necessary.

The acknowledging of bail, and the filing of a bail piece, *unaccompanied with notice* of such proceeding, is not a compliance with the obligation of the defendants to *put in special bail.*

In an action of *debt on such recognizance* it is not necessary to assign breaches, or assess damages; the plaintiff, if he recovers, is entitled to the *penalty* specified in the recognizance.

ERROR from the Herkimer common pleas. Underwood declared in the common pleas that he sued out a summons against Harris and two others, returnable before a justice of the peace on the 21st May, 1829; that he declared in the justice's court in an action of trespass *quare clausum fregit,* &c.; that the defendants pleaded *title,* and with a surety entered into a recognizance in the sum of $100, conditioned that if the plaintiff *before* the next court of common pleas of the county of Herkimer to be holden after the date of such recognizance, should commence an action for the recovery of the damages of the said trespass, and the defendants should appear thereto and put in special bail within twenty days after the first day of the next term of the said court to be holden after the date of the recognizance, then the same to be void, otherwise of force. The plaintiff then averred that he did, *before the court of common pleas* in and for the county of Herkimer *next held after the date of the recognizance,* commence an action against Harris and the two others for the recovery of the damages complained of before the justice by occasion of the said trespass; which action now remains in the said court; and further, that the de-

ALBANY,
Oct. 1833.

Harris
v.
Underwood.

fendants did not appear thereto and put in special bail within twenty days, &c. whereby the recognizance became forfeited, and an action accrued to the plaintiff to demand and have the said sum of $100. The defendants pleaded 1. *Non est factum;* 2. That the plaintiff did not *before* the court of common pleas of Herkimer county, next after the date of the recognizance commence his suit for the recovery of the damages claimed before the justice ; 3. *Comperuit ad diem.* On the trial of the cause the plaintiff produced the proceedings had in the justice's court, viz. the summons, declaration, plea and recognizance ; and also a *capias* in the common pleas at the suit of the plaintiff against Harris and the two other defendants in an action of *trepass,* (the writ containing no *ac-etiam* clause,) tested the *first,* and returnable the *sixth* day of June, 1829, returned *cepi corpora,* with the appearance of the defendants indorsed, and rested. The defendants moved for a *nonsuit,* on the grounds, 1. That the plaintiff had not shewn a suit commenced in the common pleas *before* the term of the court next after the date of the recognizance ; and 2. That he had not shewn that the suit in the common pleas was for the *same cause of action* prosecuted before the justice. The nonsuit was denied. The defendants then proved that a special bail piece in the cause in the common pleas was duly acknowledged by bail, and that the same was filed on the *eleventh* day of June, 1829, but they did not prove *notice of bail* to the plaintiffs. The common pleas decided that the acknowledgment of bail and the filing of a bail piece not followed up by notice to the plaintiff was not a performance of the condition of the recognizance ; that the plaintiff was entitled to a general verdict in his favor, and not merely to a verdict for *nominal damages;* and that the plaintiff was not bound to have damages assessed on the breach alleged in the declaration : to which several decisions the defendants excepted. The jury found a general verdict for the plaintiff, with six cents costs, and the plaintiff entered judgment for his *debt,* and the costs of increase. The defendants sued out a writ of error.

*D. Wager & J. A. Spencer,* for plaintiffs in error. The *capias* in the common pleas was not issued until *after* the commence-

ment of the term next after the date of the recognizance, and the condition, therefore, upon which the liability of the defendants depended was not performed. That condition was that the plaintiff should commence his suit *before* the next court, &c. which was synonymous with saying that he should commence his suit *previous* to the next court. The statute ought to receive a strict construction, as the the defendant is bound to put in bail within 20 days after the *first day of term;* and if the capias is not issued *previous* to term, the time within which bail is to be put in may be curtailed at the option of a plaintiff. In support of a strict construction, they cited 11 *Johns. R.* 472. They also insisted that the *capias* on its face should have shewn the cause of action sued for, to have been the same prosecuted before the justice; or at least that proof *aliunde* ought to have been made. That as the statute did not provide for excepting to and justifying of bail, notice of bail was not necessary; and finally, that the suit being prosecuted for a penal sum, for the non-performance of a written agreement, the breaches relied upon by the plaintiff should have been assigned according to the statute, and the damages assessed by the jury. 2 *R. S.* 378, § 5, 6. That this course ought to have been pursued, they argued, was illustrated by the exemption made from pursuing it in the case of an action by a district attorney on a *recognizance* to the people. 2 *R. S.* 485, § 29.

*M. T. Reynolds,* contra.

*By the Court,* SAVAGE, Ch. J. It is contended that the plaintiff should have shewn that his suit in the common pleas was commenced, in point of time, anterior to the next term of the common pleas, after the date of the recognizance. The word *before* is used in the statute to designate the tribunal or forum where the cause shall be prosecuted, and the word *next* designates the time when the suit shall be brought. The latin word *coram,* and not *ante,* would express the meaning of the legislature in that part of the statute which directs the contents of the recognizance. There is nothing in the opinion of Mr. Justice *Platt,* in *Brown* v. *Van Duzen,* 11 *Johns. R.*

ALBANY,
Oct. 1833.

Harris
v.
Underwood.

472, 3, which maintains a contrary construction ; the point now under consideration was not raised in that case, nor considered by him. In this case the suit was brought, as I infer, at the next term of the common pleas, but the writ was not issued until the term had commenced. That was enough.

The capias was in trespass, and that was all that need be stated therein, though the practice is to insert an *ac-etiam* clause.

The filing a bail piece without giving notice to the plaintiff's attorney is not putting in bail within the meaning of the recognizance. The phrase *putting in bail* is technical, and has a legal meaning which is well understood. The plaintiff is not bound to know that special bail has been filed without notice. 6 *Cowen*, 608. The case of *Cairnes v. Hunt*, 8 *Johns. R.* 358, was different. There notice had been given of one real and one fictitious person, and the plaintiff treated *it as a nullity*, which the court said he could not do ; that his proper course was to except. But here no notice was given, and the plaintiff was not bound to except, because he did not know that any bail had been filed.

The plaintiff was entitled to a general verdict, according to the former practice. The revised statutes, 2 *R. S.* 378, do not affect proceedings upon *recognizance;* they specify bonds for the breach of a condition other than for the payment of money. At page 485, § 29, *recognizances* to the people are directed to be prosecuted by action of debt for the penalty, and proceedings are to be the same, as in personal actions for the recovery of any debt, except that it shall not be necessary to allege or prove damages by reason of a breach of the condition of such recognizance ; but on such breach being found or confessed, judgment shall be absolute for the penalty. The personal actions here referred to must be debt on bond, with condition other than the payment of money.

I am inclined to the opinion that the penalty of the recognizance was what the legislature intended should be recovered ; the revised statutes have directed a *bond* to be taken in such cases, instead of a recognizance.

Judgment affirmed,