By the Court,

Bronson, J.
The copias issued in the common pleas required the defendants to answer in a plea of trespass generally, without saying whether it was for a trespass on land, or for taking personal property. The defendants could not, therefore, have been held to bail by force of the process. (2 R. S. § 6, 7.) Still, the copias was sufficient for the commencement of an action, and the defendants were obliged by the bond to appear and but in special bail. The process was well enough in point of form. (Harris v. Underwood, 10 Wend. 668.)
The sheriff’s return of non est, although very brief, and also bad grammar where there are two defendants, is in the usual form, and the objection to it was properly overruled.
Whether the mere issuing of a copias which is not serv *601 ed, without following it up by an alias and pluries writ, is a sufficient commencement of a suit within the meaning of this statute, was left undecided in Brown v. Van Duzer, (11 John. 472;) and seems yet to be an open question. "We think it enough that a copias is delivered to the sheriff with the bona fide intention of having it served. To hold that the plaintiff must do more, and procure the actual service of the process, would be to put it in the power of the defendant to defeat the plaintiff’s remedy on the bond. The suit must be commenced in the court of common pleas of the county; (2 R. S. 236, 7, § 59, 60;) and by removing from the county, or remaining out of it if the defendant already lived in another, the service of process might be effectually prevented. It is well settled that suing out process and delivering it to the proper officer to be served, is, for most purposes, to be deemed the commencement of the suit; and we think it sufficient within this statute. No great inconvenience can follow from this doctrine. The copias will in most cases be served. But if the defendant hears nothing on the subject, he can easily enquire at the sheriff’s office at the end of the thirty days within which time the process must be issued; or call at the proper time at the county clerk's office and learn whether a copias has been returned. He has twenty days after the return of the process to appear and put in special bail.
It was not enough to show the process might and should have been served, without going further and showing facts from which it could be reasonably inferred that there was a want of good faith on the part of the plaintiff—that he did, said or omitted something which was calculated to prevent the service of the writ. (Brown v. Van Duzer, 11 John. 472.) If the plaintiff is not in fault, and the defendants suffer in consequence of the culpable neglect of the sheriff, they must take their remedy against him.
Under the act of 1813, the defendant, on pleading title before the justice, was to enter into a recognizance in the sum of fifty dollars, conditioned to appear and put in bail in the common pleas, if a suit should be commenced there; and when the *602 jurisdiction of justices’ courts was extended in 1824, the penalty of the recognizance was increased to one hundred dollars. (1 R. S. 390, § 7; Stat. 1824, p. 283, § 9.) Under these statutes it was held, that in a suit on the recognizance the plaintiff recovered the penalty without an assessment of damages. (Brown v. Van Duzer, 11 John. 472; Harris v. Underwood, 10 Wend. 668.) Under the present statute the defendant is to give a bond, instead of a recognizance, conditioned to appear and put in bail in the C. P. (2 R. S. 237, § 60.) On a recognizance to the •people, it is not necessary to allege or prove any damages—the judgment is absolute for the penalty. (Id. p. 485, § 29.) But when the action is on a bond, “for the breach of any condition other than for the payment of money,” the statute is imperative that the plaintiff “shall assign the specific breaches for which the action is brought,-” and on the trial, if the jury find the assignment of breaches true and that the plaintiff should recover damages therefor, “ they shall assess such damages, and shall specify the amount thereof in their verdict, in addition to their finding upon any other question of fact submitted to them.” (Id. p. 378, § 5, 6.) This language is too plain and explicit to admit of two constructions. There should have been an assessment of .the plaintiff’s damages under .the breaches assigned in the declaration. (See Reed v. Drake, 7 Wend. 345 ; Barnard v. Darling, 11 Wend. 27.) The recorder was mistaken in following the decisions under the former statutes, and there must be a new trial.
Judgment reversed.