Bronson, J.
When a party agrees to pay his own debt on request, it is regarded as an undertaking to pay generally, and no special request need be alleged. But it is otherwise when he undertakes for a collateral matter, or as a surety for a third person. There, if the agreement be that he will pay on request, the request is parcel of the contract, and must be specially alleged and proved. (Devenly v. Welbore, Cro. Eliz. 85; Hill v. Wade, Cro. Jac. 523; Waters v. Bridge, id. 639; Birles v. Trippet, 1 Saund. 32, and note (2); Harwood v. Turberville, 6 Mod. 200; Com. Dig. Pleader, (c. 69); Sicklemore v. Thistleton, 6 M. & S. 9; Carter v. Ring, 3 Camp. 459; Douglass v. Reynolds, 7 Peters, 113; 2 Saund. 108, note (3); Lawes’ Pl. 232, 251; 1 Chit. Pl. 363, ed. of ’37.) Here there was no precedent debt or duty upon Nelson. He was a surety, and in becoming so he had a right to make his own terms. The condition of the bond is, that Shumway, the principal debtor, shall pay on demand. The demand is parcel of the contract, and is in the nature of a condition precedent to a right of action on the bond. As no demand of the costs from Shumway was proved, there was no breach of the condition, and no right of action had accrued on the bond.
Although no breach was assigned in the declaration, the plaintiffs have gone on and assessed damages to the full amount of *40 the costs recovered against Shumway. This was clearly irregular. The plaintiffs were not entitled to an assessment of even nominal damages. (Barnard v. Darling, 11 Wend. 27.) These errors are presented by the bill of exceptions. There are others which appear in the judgment record.
Breaches should have been assigned in the declaration. The statute 8 and 9 Wm. 3, c. 11, provided that the plaintiff might assign breaches, and only extended, in terms, to bonds for the performance of covenants. And yet upon the construction of that statute, it has been settled that the plaintiff must assign breaches, and that he must do so in all cases, except upon bail bond, where the condition is not for the payment of a gross sum of money by the obligor at a specified time. He must even do so where the condition is for the payment of an annuity. (2 Saund. 187, note (2); Walcott v. Goulding, 8 T. R. 126.) But with us, breaches need not be assigned where the condition is that the obligor will pay a certain stun of money in specified instalments. (Spaulding v. Millard, 17 Wend. 331.) Under the English decisions this was clearly a case for" assigning breaches, and our statute is much broader in its terms than theirs. The words are, the plaintiff shall assign breaches when the action is upon a bond “ for the breach of any condition other than for the payment of money.” (2 R. S. 378, § 5.) It extends to every kind of condition, excepting one that the obligor will pay a certain sum of money at a particular time, or'in specified instalments. This bond was within the statute for several reasons. 1. The condition was not that the obligors should pay money, but that. Shumway should pay it. 2. It was not to pay at a specified time, but upon the happening of a contingent event. Shumway was to pay such costs as might be awarded against him in the suit where he was plaintiff. It was uncertain, when the bond was given, whether any costs would ever be awarded to the defendants in that action. 3. The condition was not that Shumway should pay at all events, but that he should pay on demand. And 4. The condition was not for the payment of a specified sum of money, but for the payment of an uncertain sum, to wit, all costs that might be awarded to the *41 defendants ña that action. To make out a forfeiture, and a right to sue on the bond, it was necessary to aver by way of assign-mo- a breach of the condition, that costs had been awarded to the defendants in the action mentioned hi the bond, specifying the amount; and that those costs had been demanded of Shumway, and remained unpaid.
Where the condition is, that the obligor will pay a certain sum of money at a particular time, and where, assuming that the defendant has done nothing, we can, with the almanac in our hands, see that there must have been a forfeiture of the bond, there the plaintiff need not assign breaches. If the money was paid, or the defendant has a release, or any other matter in discharge of the action, he may plead it. But where the forfeiture of the bond depends on the happening of some event other than the lapse of time, so that on reading the condition we cannot see that a right of action has accrued, there the plaintiff must show by way of breach, the existence of the facts on which the right of action depends. And so, too, the plaintiff must assign breaches where the damages are not liquidated, and cannot be ascertamed by mere calculation, without looking beyond the bond, and enquiring into extraneous facts.
This case is clearly within the statute, and it is a fatal objection that breaches were not assigned m the declaration. (Reed v. Drake, 7 Wend. 345.)
There is another error appearing upon the face of the record. The action was brought against two joint obligors, and yet the judgment is against Nelson only. Although Shumway was not served with process, the judgment should have been against both in the same manner as though both had been brought into court. (2 R. S. 377, § 1.) This is not a mere formal defect which may be overlooked on a writ of error. It is matter of substance. It changes the form of the execution, and may prejudice Nelson .in the collection of the money. (§ 3, 4.) Until the record is amended no execution can issue against Shrnnway.
This is not a case for awarding a venire de novo. There is a fatal error which lies back of the-trial. The declaration is *42 bad for not assigning a breach. The proper course will be to reverse the judgment, and leave the plaintiffs to commence a new action if they shall be so advised.
Nelson, Ch. J. concurred.
Cowen, J.
There are several errors for which this judgment must be reversed. A prominent one is, the failure to prove a demand of Shumway. The condition of the bond means an actual, not a mere constructive demand, such as the bringing of a suit, or the issuing of an execution. Without saying that the want of demand would be a defence for Shumway, it is clearly so as to Nelson, the surety, the only person who appeared and pleaded. There was no precedent duty upon him independently of the words of the condition, and he might prescribe such preliminaries to his liability as he pleased. A bond to pay a precedent debt, on demand, is satisfied by the commencement of the suit itself, which is considered a sufficient demand ; but in case of any engagement to pay a sum on demand, or on request, not itself due independently of the contract, the terms of the contract must be pursued. A demand, with time and place, must then be averred, and the averment cannot be satisfied without proof of an actual demand. • (Birks v. Trippet, 1 Saund. 32; 2 Keb. 126, S. C.; Selman v. King, Cro. Jac. 183 ; Hill v. Wade, id. 523 ; Waters v. Bridge, id. 639, 640; The case of an Hostler, Yelv. 66.) A promise to save harmless on request is an instance. (Harrison v. Mitford, 2 Bulstr. 229.) This and various other cases to the same effect are cited 1 Saund. 33, note (2). “ For,” adds the editor, “ a request is parcel of the contract, and must be proved; and no action arises until a request be made.” (Vid. Douglass v. Howland, 24 Wend. 51, and several books there cited to the same point.) In Harwood v. Turberville, (6 Mod. 200,) the defendant became surety by bond to pay a previous debt of his mother, on demand; and a special request was held necessary to charge him. The case of Carter v. Ring, (3 Campb. 459,) was of a bond conditioned to pay the defendant’s own debt, on *43 demand. Issue being joined on a demand in fact, Lord Ellen-borough required proof of one. This case evidently turned, however, on the state of the pleadings. No demand was necessary beyond the bringing of the suit; and if the jury had found ibr the defendant, there must have been judgment for the plaintiff non obstante veredicto. It is a general rule, that though the fact in issue be of no legal importance, the jury must pass upon it at nisi prius. ' (Safford v. Stevens, 2 Wend. 158, 163; Cameron v. Reynolds, Cowp. 407.) The necessity to call for the evidence was confined to the trial. It had reference to the method of relief in the court below, against an immaterial issue found for the defendant. Had the fact of a demand in the case at bar been immaterial, we might disregard every thing done in the court below concerning an issue upon it. Whether that court would be bound, in reference to their rules of practice, to hear evidence upon such an issue or not, we could not help seeing, on error, that, however the issue was dealt with, and whichever way found, there must still be a judgment for the plaintiff The ground here is, therefore, that the proof was material in the abstract; not that an issue happened to be taken upon it.
We are referred to Lee v. Clark, (1 Hill, 56;) but in that case the condition to pay ivas not on demand.
The condition of the bond is to pay costs in the case of a non-resident plaintiff. It is not in exact conformity to that required in such case by 2 R. S. 515, 2d ed. § 4. It should have been to pay on demand generally. Here it is on demand of Shumway, the principal. The parties may deviate from the statute if they choose. It is not perceived, however, that if the present condition be read in the words of the statute, an actual demand could be dispensed with, especially as it regards the surety.
The 2 R. S. 300, 2d ed. § 6, requires breaches to be assigned by the declaration in an action on a bond for the breach of a condition other than for the payment of money; also in an action for any penal sum, for the non-performance of any covenant or written agreement. The bond in question was conditioned to *44 pay money. The award of costs could be for nothing el se. The case is therefore out of the words of the statute. In Mann v. Eckford’s ex’rs, (15 Wend. 502, 514,) cited for the plaintiff in error, the action was on a bond or penal sum to secure the payment of money due by the written agreement of another. It came literally within the last clause of the statute. Here the penalty is to secure the payment of money to become due under a future award of costs. This is the same as a sum in numero, except that the certainty is to arise by the act of a court. It is none the less certain in legal construction; for that is certain which can be made so. It may be admitted that where the condition is not to pay money in terms, but only to do what may or may not be resolved into an obligation to pay it, e. g. to perform an award, breaches must be assigned. (Allen v. Watson, 16 John. 205, 209; Welch v. Ireland, 6 East, 613.) The rule must be drawn from the peculiar phraseology of our own statute, however, rather than that of 8 and 9 Will. 3, ch. 11, § 8, whose language is different. There are some decisions under the latter act which certainly cannot be applied to ours; such as that a bond conditioned to pay money by instalments calls for an assignment of breaches. (Willoughby v. Swinton, 6 East, 550.) The case cited by the counsel for the plaintiff in error, viz. Walcot v. Golding, (8 T. R. 126,) would probably come within the second clause of our statute, as being of a bond conditioned to pay money due on an independent written agreement. To say, as some of the English cases do, that the statute extends to a condition for performing an agreement implied by the condition itself, would destroy all exception, and require breaches in an action on every common money bond. (Vid. 1 Saund. 58, note (1); 1 Selw. N. P. 588, ed. of 1839.) However, if the rule be taken, as it is understood by Serj. Williams, (2 Saund. 187, a, note (2),) that breaches must be assigned in all cases except where the condition is to pay a gross sum of money, or where the action is on a bail bond, it can scarcely be said to follow that the present case would not be without the statute. In effect, the obligation of the defendants below was to pay a gross sum of money.
*45 If I am right, in supposing that this was not a ease for assigning breaches, and especially as none were in fact assigned, then there is a partial error arising from the manner in which the subject was handled at the trial. The jury were allowed to assess the damages just as if breaches had been assigned; and judgment was rendered for such damages. What was said on the record as to a demand of Shumway, amounted to nothing by way of breach. The breach must, by the statute, be assigned in the declaration. The verdict and judgment should, therefore, have been for the simple penalty and nominal damages only; (Barnard v. Darling, 11 Wend. 27, 30, 31;) the plaintiff being left to proceed as in case of other money bonds, by endorsing the amount on the execution, at the peril of being summarily set right if the endorsement should be for too much.
Again, it is error, even where the damages are properly assessed, to insert them, as was done here, in the ordinary judgment. (Smith v. Jansen, 8 John. 111, 115.) The 2 R. S. 301, 2d ed. § 10, now gives the right to enter in such case, a further judgment that the plaintiff have execution to collect the amount of assessed damages, rvhich shall be specified in the judgment. That form has not been followed. But .it is enough that the declaration assigned no breach. The face of the record did not warrant this extraordinary assessment. But if the objection cannot, be rested on the face of the record, the point is made in the bill of exceptions.
The error, however, in respect to the damages, being but a partial one, and the sum distinguishable, this would be cause for a partial reversal only. (Smith v. Jansen, 8 John. 116; Henriques v. East India Co., 2 Ld. Raym. 1534.)
If I am wrong in supposing the bond to be without the statute requiring breaches to be assigned, then the judgment is wholly erroneous for the defect in the declaration. (Barnard v. Darling, 11 Wend. 27, 30; Reed v. Drake, 7 Wend. 345.)
The judgment moreover is formally erroneous in dropping the name of Shumway, who was sued with Nelson, though the former was not served with process. (2 R. S. 299, § 11.) But this defect is amendable, and the defendants in error • might *46 amend it on payment of costs (2 R. S. 344, 5, 2d ed.) were it not for the substantial defects. These cannot be cured by amendment. I think the judgment of the superior court should be reversed, and that a venire de novo should issue from the court below, with costs to abide the event.
A majority of the court, however, being of opinion that this was not a case for awarding a venire de novo, the rule was entered accordingly.
Judgment reversed.