JAMES SEMPLE, plaintiff in error, *v.* DAVID HAILMAN *et al.*
defendants in error.

### *Error to Madison.*

A suit was brought on four different writings obligatory which were set forth
in as many different counts in the declaration.  Issue was joined on all, the
cause was submitted to the Court for trial, the Court found the issues joined
on the three first counts in favor of the plaintiffs, and assessed their damages
accordingly:  *Held,* that the judgment was erroneous, there being no finding
on the fourth count of the declaration.

DEBT, in the Madison Circuit Court, brought by the defend-
ants in error against the plaintiffs in error, and heard before
the Hon. Gustavus P. Koerner, at the October term 1845,
when a judgment was rendered in favor of the plaintiffs be-
low for $2402, debt, and $1400, damages.

The case, for the purposes of this decision, is sufficiently
stated by the Court.

*W. Martin,* and  *M. Brayman,* for the plaintiff in error,
as to the point that all the issues must be found, cited 4
Conn. 190, and 8 Cowen, 406.

*D. J. Baker,* for the defendants in error.

I. The plaintiff in error complains that no judgment was
given, or finding had, on the fourth count of the declaration.
It is submitted, that this is a sufficient finding on that count
in favor of the defendant.   In the case of *Talbot* v. *Talbot,*
2 J. J. Marsh. 3, it is said, that in an action of detinue for
different articles, and verdict for plaintiff as to some, silence

as to residue is equal to a verdict for the defendant as to the article not noticed, and a bar to a future action. No objection was made in the Court below, and this description of objection is not favored. 16 Peters, 319. Where there are several counts in the declaration, and after interlocutory judgment damages are assessed on each count, and judgment is arrested on the first count, no objection being made to the others, the plaintiff will be allowed to enter a *nolle prosequi* on the first count, and take judgment on the others. *Livingston v. Livingston*, 3 Johns. 189. When the general issue and other pleas are pleaded, and the jury find a verdict on only the general issue, it is a sufficient finding. *Thompson* v. *Britton*, 14 Johns. 84–6. If the declaration contain two counts, it was held, if one be sufficient, judgment may be entered on the good one. 16 Pick. 541. Where two issues are joined to different facts of the same declaration, and judgment is arrested as to one, the verdict as to the other is not affected. 2 U. S. Dig. 663, § 628. A judgment will be arrested if one count is defective; but the verdict may be entered on the good counts only. Ib. 656, § 48. Where there are several counts, some good and some bad, a general verdict shall be applied to the good ones. Ib. 631, § 122. A verdict against one only, in an action against three, (the names of the others being struck from the proceedings), will not be set aside. Ib. 631. If a verdict is given for more than the case warrants, the party has the right to remit. Ib. 635, § 231. The presumption is in favor of verdicts. Ib. 632, § 150. A verdict is amendable in the Court of Errors. 8 Cowen, 652.

II. If this be error, the defendant has no cause of complaint. It is one to his advantage, and not to his disadvantage; and the principle is general, that a man cannot assign for error that which he cannot show is to his disadvantage. 1 Blackf. 54; 2 Bac. Ab. 490. A party cannot assign for error decisions, however erroneous, which could not have been prejudicial to himself. *Arenz* v. *Reihle*, 4 Scam. 342; *Schlenker* v. *Risley*, 3 do. 486. A party cannot assign for error that which makes in his own favor, unless under pe-

culiar circumstances. *Bailey* v. *Campbell,* 1 do. 47; *Harrison* v. *Clark,* Ib. 131; *Kitchell* v. *Bratton,* Ib. 303. Although the decree of the inferior Court be erroneous in some of its details, yet if the aggregate result be more favorable to the plaintiff in error than it should be, he cannot ask a reversal. 3 J. J. Marsh. A party is not permitted to avail himself of an error not to his prejudice. *Gano* v. *Slaughter,* Hardin, 76. Where, upon the whole record, it appears that the judgment is right, although the errors assigned exist, the judgment shall be affirmed. *Saunders* v. *Johnson,* 1 Bibb, 322.

The Opinion of the Court was delivered by

CATON, J.* The judgment in this case must be reversed. The suit was brought on four different writings obligatory set forth in as many different counts in the declaration. Issues were joined upon pleas to all of these counts, and the cause submitted to the Court for trial by the agreement of the parties. The Court found the issues joined on the three first counts in favor of the plaintiffs below, found their debt and assessed their damages. There was no finding upon the fourth count. In this there is manifest error. In *Miller* v. *Trets,* 1 Lord Raym. 324, the issue joined was, whether the defendant was guilty of selling lace and silk. The jury found him guilty of selling lace, but said nothing of the silk. The Court held that the plaintiff could not amend, and the finding being insufficient, the judgment was reversed. In 2 Salk. 374, the Court hold that "a verdict which finds part only of the issues, is void as to the whole." A verdict was set aside for the same cause in the case of *Van Benthuysen* v *De Witt,* 4 Johns. 213.

In the case of *Patterson* v. *The United States,* 2 Wheat. 221, the Court say: "A verdict is bad if it varies from the issue in a substantial matter, or if it find only a part of that which is in issue." Numerous other authorities might be mentioned to show that the finding must be as broad as the issues, otherwise no judgment can be pronounced upon it,

---

* WILSON, C. J. and Justices LOCKWOOD and YOUNG did not sit in this case.

but it is unnecessary. The proposition is too clear to admit of doubt. It necessarily results from the nature of the case.

Questions were made upon various demurrers presented by either side, which do not seem to have been directly acted upon by the Court, but they were all waived by the subsequent pleadings of the parties.

An application was made by the defendants in error to discontinue, in this Court, as to their fourth count, but it cannot be allowed. The party cannot be permitted to amend his record here, so as to obviate the error which is well assigned. The case in 1 Lord Raym. above referred to is in point.

The judgment of the Circuit Court is reversed with costs, and the cause remanded, and a *venire de novo* awarded.

*Judgment reversed.*