WILLIAM A. RICHARDSON *vs.* JOHN E. BOYNTON & others.

If a person named as surety in the body of a bond signs his name on the left hand side of the page, in the place appropriate for the attestation of witnesses, and a person not named in the body of the bond signs his name on the right hand side of the page, by one of the seals, it may be shown by parol evidence that the former intended to sign as a surety and the latter as a witness; and the former may accordingly be held liable on the bond.

If a guardian improvidently invests his ward's money in the note of a single person, the sureties on his bond thereupon become and remain liable for any loss which may occur, although he dies and the borrower becomes administrator of his estate and, in settling the account of his intestate as guardian, returns the note as assets of the ward's estate.

CONTRACT brought by the judge of probate upon a guardian's bond. The defendants were John E. Boynton, as administrator of his father Eli Boynton, who was the principal in the bond, Isaac Boynton, Jr., and William Butterfield. At the trial in this court, *Hoar*, J. ruled that the sureties upon the bond were still liable, and that damages should be assessed for eight hundred dollars and interest. The defendant Butterfield alleged exceptions. The facts are stated in the opinion.

*T. H. Sweetser & F. A. Worcester*, for the defendants. It appears on the face of the bond that Butterfield signed as a witness and not as a party. Parol testimony to prove that his intention was different was incompetent. 1 Greenl. Ev. 275. *Stackpole* v. *Arnold*, 11 Mass. 27. *Harlow* v. *Thomas*, 15 Pick. 68. The ambiguity, if any, was apparent on the face of the bond. The note of John E. Boynton became equivalent to cash in his hands, when he was appointed as administrator of Eli Boynton's estate. Having this amount thus in his hands, his neglect to pay it over was a breach of his own bond, but not of the bond of the deceased guardian. *Chapin* v. *Livermore* 13 Gray, 561.

Richardson *v.* Boynton & others.

*T. Wentworth & A. F. Jewett,* for the plaintiff.

CHAPMAN, J. Eli Boynton, deceased, was appointed guardian of Orlando Boynton, a minor, and gave bond as such guardian. The defendant Butterfield, who is sued as one of his sureties, denies that he executed the bond as surety. He makes this denial on the ground that his name is not written on the bond under that of Eli, and near the seal, but on the left hand, under that of Samuel Parker, whose name is signed as a witness under the attestation clause. He says this imports nothing, more than that it was signed, sealed and delivered by others in his presence. *Prima facie* it is true that such a signature imports nothing more than this; but this presumption is not conclusive, and may be rebutted by evidence.

In respect to a memorandum within the statute of frauds, there is no restriction as to the place of the signature. It may be at the top or in the body of the memorandum, as well as at the foot. Browne on St. of Frauds, § 357. But this depends on the intention of the party in writing his name, and if it appears that he intended a further signature before the writing should take effect, the name in the body of the instrument will not be regarded as a signature. *Hubert* v. *Turner,* 4 Scott N. R. 481. In *Coles* v. *Trecothick,* 9 Ves. 251, Lord Eldon said that " where a party, or principal, or person to be bound, signs as, what he cannot be, a witness, he cannot be understood to sign otherwise than as principal." But the correctness of this remark has been questioned, and it is to be taken with some restrictions. *Gosbell* v. *Archer,* 2 Ad. & El. 500. In *Reed* v. *Drake,* 7 Wend. 345, the obligors in a bond signed and sealed it after the penal part, and before the condition; yet the condition was held to be as much a part of the bond as if the signature had been at the foot of it. By the condition it was an arbitration bond; and evidence was admitted to prove that the condition was upon it when delivered, and that it was delivered as an arbitration bond in pursuance of an agreement of the parties. In *Welford* v. *Beezely,* 1 Ves. Sen. 6, it appeared hat marriage articles had been executed to which the mother of the wife was intended to be a party. She was held bound

by them though she subscribed them as a witness only. If a stranger to a note writes his name on the back at its inception, he is held to be an original promisor, but parol proof as to the time when he writes his name is admissible to vary the terms of the liability. *Union Bank of Weymouth* v. *Willis,* 8 Met. 504, and cases cited.

Undoubtedly it is important that the signature and also the seal of an instrument should be in the usual place. But the cases cited above show that the mere place of either the signature or the sealing is not conclusive as to the intent with which they are made. The present case furnishes an illustration of the propriety of the admission of extraneous evidence to show the intent in application to the signature of David Boynton. The bond commences as follows : "Know all men by these presents that we, Eli Boynton of Malden in the county of Middlesex, as principal, Isaac Boynton, Jr., and William Butterfield, both of Pepperell, as sureties." The signatures at the right hand are Eli Boynton, Isaac Boynton, Jr., and David Boynton, with a seal against each name. If the place of the signature were conclusive, David Boynton's name must be treated as that of a surety without words to bind him, and the bond would have but one surety. But the extraneous evidence that he did not sign as a surety, and that Butterfield signed it intending to become a party to it, that he sealed it as his bond, and delivered it as his bond, clearly establish the fact that David Boynton and Butterfield wrote their names in the wrong place by mistake or error. A rule that would exclude such evidence would tend to obstruct justice rather than promote it. The fact that a man seals and delivers a bond as his, in which he is named as surety, and that he does this with the intent to become a party to it, is amply sufficient to justify a verdict that it is his bond, though his name is placed upon it in the proper place for the name of a witness.

It appears that Eli Boynton as guardian of Orlando lent to his son John E. Boynton the sum of eight hundred dollars, being part of the ward's money, and took therefor the note of John E. without any other security. This is admitted to be an

improvident disposition of the money, and it was wholly unjus-
tifiable. *Harding* v. *Larned*, 4 Allen, 426. *Clark* v. *Garfield*
8 Allen, 427. The present guardian is not bound to accept the
note as part of the assets, and if the minor had become of age
he would not be bound to accept it. The sureties in the bond
became liable for the money immediately. The decease of Eli, and
the appointment of John E. as his administrator, did not relieve
them from this liability. Nor had the administrator power to
make the note assets by returning it as such in his account
rendered in the probate court. He had no more power in this
respect than his intestate Eli had. It is contended that it was
paid by operation of law in consequence of his appointment
as administrator. But if it was thus paid, it was paid to him
as administrator, and thereby became cancelled. And instead
of accounting for the note in his guardianship account, he ought
to have accounted for the avails. As the matter stands he is
liable for the money as administrator of the principal, and Isaac
Boynton, Jr., and Butterfield are liable as sureties.

*Exceptions overruled.*