## Conklin *against* Elting.

NEW-YORK,
Nov. 1807.

Conklin
v.
Elting.

ON *certiorari.* The defendant in error brought an action of *debt* against the plaintiff in error, in the court below, to recover the penalty of 25 dollars, given by the 18th section of the "act to establish a turnpike corpora- " tion for improving and making a road from the west " line of the town of *Salisbury,* in the state of *Connecticut,* " to the *Susquehannah* river, at or near the town of *Jeri-* " *cho.*" The act declares, " that if any toll-gatherer shall " *unreasonably delay or hinder any traveller or passenger* at " any of the gates, or shall demand or receive more toll " than is by the act established, he shall, for every such " offence, forfeit and pay 25 dollars, to be received by, " and for the use of the person so unreasonably detained " or hindered." (*L. N. Y. vol.* 3 *p.* 120.) The plaintiff, in his declaration before the justice, alleged, that the defendant, as toll-gatherer of the said company, incorporated by the said act, on the 5th of *January,* 1807, at the town of *Kingston,* did unreasonably *delay and hinder* the plaintiff, at one of the toll-gates on the said road. The defendant pleaded *nil debet.* The defendant in error was a farmer, residing in the town of *Hurley;* and his farm consisted of different parcels of land, among which were two wood-lots, at a place called *Beaver kill,* in the town of *Hurley.* He had been in the practice for many years of going to his wood-lots, to make posts and rails for the use of his farm; and a road had long been open between his dwelling-house and the same wood-land; part of which road is included in the turnpike. On the 5th of *January,* 1797, he was going from his house to the said wood-land, and on coming to the toll-gate on the turnpike road, he informed the plaintiff in error, that he was going to a part of his farm, for the purpose of procuring posts and rails, which was the common business of his farm, and demanded to pass through the gate,

*No action lies against a toll-gatherer, for the penalty, under the 13th section of the " act to establish a turnpike corporation for improving and making a road from Salisbury, in the state of Connecticut, to the Susquehannah river, at or near Jericho," for detaining and exacting toll from a person who is exempted by the, 10th sec. of the same act, from the payment of toll. The section of the act creating the penalty, relates only to the offence of unreasonably hindering or detaining travellers or passengers who are obliged to pay toll, or for taking more toll from them than is established by the act. It does not apply to persons who have a right to pass toll free.*

free of toll, pursuant to the provision in the 10th section of the said turnpike act, which declares, " that nothing in the said act shall be construed to entitle the said " corporation to demand toll of and from any person going to or from his common business on his farm or sawmill," &c. The plaintiff in error refused to let the defendant in error pass, until he paid the toll, and actually detained him ten minutes, until the toll was paid. Judgment was given in the court below in favour of the plaintiff, for the amount of the penalty and the costs.

*Sudam* and *Hawkins*, for the plaintiff in error. 1. The offence or act for which the penalty is claimed, in the plaintiff's declaration before the justice, is for *hindering and detaining*; but in the act of incorporation. the words are, "if any toll gatherer shall unreasonably hinder *or* detain." The plaintiff is bound to declare in the very words of the act. A person may be detained without being hindered, and *vice versa*, so that two distinct acts or offences may exist. This being a penal action, the court will adopt a strict construction. From the facts disclosed on the return, the defendant in error was not entitled to the exemption he claimed. The words of the proviso are, " going to or from the common business *on his farm.*" Going to procure posts and rails, cannot be considered as the ordinary business of a farm, more than carrying the produce of it to market. The obvious intention of the act is, that when a toll gate is placed on the farm of a person, so as to divide one part from another, he shall be allowed to pass to and fro, on his farm, without paying toll. Separate and distinct parcels of land are not, in this view, to be considered as one farm ; for if that were the construction, a person might have two pieces of land, at the distance of twenty miles from each other, which he might call his farm. 2. If the defendant in error be confined to his farm, he cannot be considered as a traveller or passenger. A person going from his house to his

stable, or from his plough-land to his wood-land, on his farm, cannot be considered as a traveller or a passenger, within the meaning of the act. 3. The act does not subject the toll gatherer to any penalty for taking toll.from [*] persons who are exem¡.ted. The penanlty created is for taking more toll than is established by the act. To demand and receive toll from a person exempted, is an infringement of his right to a free passage, for which an action on the case will lie, for the damage, or to recover back the money exacted ; and such action must be brought against the corporation, not against the toll gatherer. Again, as the toll gatherer may not know whether the person who demands a free passage through the gate, be entitled to the exemption, or not, he must be justified in detaining such person, until he can be satisfied as to the validity of his claim. In the present case, a detention of ten or fifteen minutes cannot be considered an unreasonable delay for that purpose.

*H. Bleecker*, contra. The defendant below was going from one part of his farm to another part. There is no reason why a farm may not consist of distinct and separate parcels of land. The procuring of posts and rails to make fences, seems to be a part of the usual and ordinary business of a farm. It is as necessary to secure the fields from the intrusion of cattle as to do any act of husbandry whatever.

It is not easy to conceive how a person can be delayed without being hindered, or hindered without being delayed. The words are obviously used in the same sense. In another part of the act, a penalty is given for defacing and injuring the mile-stones set up on the road. The words are meant as describing one offence : it never could be the intention of the legislature to create two offences, or that a double penalty should be recovered for the same act. If the plaintiff below could not be considered as a traveller, he was at least a passenger.—

NEW YORK.
Nov. 1897.

Conklin
v.
Elting.

[*412]]

[* 413]

Taking toll from a person exempted, is taking toll not authorized by the statute, and for this act the toll gatherer is made subject to a penalty.

THOMPSON, J. delivered the opinion of the court. From the testimony stated in the return to the *certiorari*, I am inclined to think, that the plaintiff below was a person [*]entitled to pass through the gate toll free, but that his case is not within the 13th section of the act ; and so as to subject the toll-gather to the penalty. This section appears to me to relate to the delay or hindrance of persons who are bound to pay toll. They are denominated *travellers* or *passengers*, and the penalty is for unreasonably delaying them. This would seem to imply a right to delay them a reasonable time, and until the toll was paid. But if the section applies to persons entitled to an exemption from toll, any hindrance whatever would be illegal. As to them the road is free, and on the same footing with any common public highway, and the remedy for any hindrance or interruption in the free use of the road, must be the same as if it had happened on any other public highway. We are of opinion, therefore, that the plaintiff below has mistaken his remedy, and that the judgment must be reversed.

Judgment reversed.