### COLE *against* WENDEL.

*A.,* by a written THIS was an action of *assumpsit.* The declaration
contract, agreed
to receive of *B.* contained a count for 60 shares of stock in the bank of
60 shares of the
*Hudson* bank, on which 10 dollars per share had been paid, and to deliver *B.* his note for 667
dollars, and pay him the balance in cash; and also to pay 5 *per cent.* advance. The nominal
amount of each share being 50 dollars, *parol* evidence was held admissible, to explain the
written contract, or whether the 5 *per cent.* advance was to be paid on the sum paid in on
each share only, or on the nominal amount.

*Hudson,* sold and delivered, for 1,000 dollars; and a *quantum valebant* thereon.  There was also a count on a written contract, signed by the defendant, dated *July* 28, 1809, as follows : " I promise hereby to take from Mr. *Peter Cole,* sixty shares of the stock in the bank of *Hudson,* if legally transferred to me, for which I pro= mise to deliver him his note of six hundred and sixty= seven dollars, and pay the balance, in cash, on said stock ; and I promise to pay an advance of *5 per cent.* when re= ceived by me."

On the 5th of *September,* 1807, *Cole* transferred to *Wendel,* on the books of the *Hudson* bank, sixty shares of stock, on each of which no more than 10 dollars had been paid.  The defendant was not present at the trans= fer, but resided in the city of *New-York.*  A receipt was given by the attorney of the defendant to the plaintiff, as follows : " Received of *Peter Cole,* a certificate of the cashier of the *Hudson* bank, for sixty shares of stock, subject to the further payment of 40 dollars on each share, which stock is certified to *John G. Wendel,* and I hold the same subject to such final settlement as Mr. *Cole* and Mr. *Wendel* may make.  *December* 28, 1809." The attorney of the defendant, when he gave the re= ceipt, stated that he took the certificate as collateral se= curity, only for the note of *Cole* to *Wendel,* for 667 dol- lars, put in his hands for collection.  The plaintiff of- fered the certificate to the defendant, if he would allow *5 per cent.* on the full amount of the share ; but the de- fendant refused to allow the *5 per cent.* on more than the 10 dollars paid in on each share; but offered to give up the certificate and reassign the stock, on payment of the note.  The plaintiff refused to accept the certificate, or pay the note.

A witness was called to prove that when the written agreement was signed by the defendant, the defendant agreed to al'ow the *5 per cent.* on the whole amount, or on 50 dollars for each share; and the witness who drew the

contract, was requested so to state it. This evidence was objected to, but admitted by the judge. It appeared that if 5 *per cent.* was allowed on the sum only actually paid in on the shares, there would be nothing due to the plaintiff, but a balance due to the defendant. The judge charged the jury that the plaintiff was entitled to recover for his stock, and that 5 *per cent.* was to be added either on the 10 dollars paid in, or on the nominal amount of 50 dollars for each share, which they must determine; and the jury found a verdict for the largest sum.

The defendant moved for a new trial; 1. Because the parol evidence to explain the written contract, ought not to have been received.

2. For the misdirection of the judge.

E. *Williams*, for the defendant.

*Van Buren*, contra.

SPENCER, J. delivered the opinion of the court. The only question presented by the case is, whether it was competent to the plaintiff to explain, by *parol*, whether the 5 *per cent.* advanced on the shares, was to be on the sum then actually paid in, (which was 10 dollars on each share,) or on the nominal amount of the shares. The terms of the contract are equivocal, and the ambiguity is a latent one; as such, and on the strictest principles, the circumstances of the case may be proved and taken into consideration, in determining how the 5 *per cent.* advance was to be calculated. (*Peake's Evid.* 112.)

There is, moreover, intrinsic evidence that the 5 *per cent.* advance was to be calculated on the nominal amount of the shares. The plaintiffs owed the defendant 667 dollars on a note; the defendant agreed to accept sixty shares, on each of which 10 dollars had been paid, to pay an advance of 5 *per cent.* deliver up the note, and pay the balance in cash; but if the 5*l. per cent.* was to

be allowed on the 10 dollars, paid on each share, there would be no balance to be paid by the defendant, but the plaintiff would still remain in debt. It is evident, therefore, that the parties contemplated that the advance should be on the nominal amount of the shares.