## SKINNER *vs.* ANDERSON.

Under the act of 1849, in relation to plank and turnpike roads, all persons traveling over a plank road in going to a religious meeting of any sect, creed or denomination, having for their professed object the worship of God, and which are tolerated by the first article of the constitution of this state—whether such persons go for the purpose of conducting, or of uniting in, the exercises of devotion—are equally exempt from the payment of toll.

And persons thus exempt from the payment of toll, may, if compelled to pay it, maintain an action against the toll-gatherer for the penalty imposed by the statute for demanding and receiving more toll than by law he is authorized to collect.

THE plaintiff brought this action before a justice of the peace, and recovered against the defendant the amount of four penalties of $5 each, for exacting and receiving from him more toll than he was liable to pay for traveling and passing over the Bridgewater and Utica plank road. The defendant was a toll-gatherer upon the road named, and the plaintiff was a clergyman residing at Deerfield, about 18 miles from Bridgewater, and he preached at the latter place every alternate sabbath, and on going from his residence to the place of his labors passed through Utica, in which city was a church of the same denomination as that to which the plaintiff was attached, and passed over the whole length of the road of the Bridgewater and Utica Plank Road Company. The plaintiff claimed exemption from the pay-

Skinner *v.* Anderson.

ment of toll, which claim was resisted, and he was compelled by the defendant to pay the regular toll for passing over the road. The county court affirmed the judgment of the justice, and the defendant appealed to this court.

*F. Kernan*, for the plaintiff.

*W. Hunt*, for the defendant.

*By the Court*, W. F. ALLEN, J. The question first in order is upon the validity of the plaintiff's claim to exemption from the payment of toll; for if that claim is unfounded the action necessarily fails. By the act of 1849, in relation to plank and turnpike roads, and which was in force at the time of the alledged unlawful exactions, and by which this action is to be decided, "Persons going to or from religious meetings," were exempt from the payment of tolls at the gates of the several plank road companies formed under the act referred to. (*Laws of* 1849, *p.* 374, § 2, *sub.* 3.) Under this provision the plaintiff was, I think, entitled to the exemption claimed, provided he was at the times mentioned in good faith going to or from a religious meeting. That he was thus passing over the road has been found by the court below, as a question of fact, and the finding is warranted by the evidence. There is no pretence that the claim of the plaintiff was colorable, or that he was passing over the road for any purpose other than that named by him. It was not denied upon the argument that the meeting, to attend and to officiate at which the plaintiff was traveling, was a "religious meeting," within the meaning of the statute. The meetings mentioned in the statute are not those of any particular sect, creed or denomination, but embrace all having for their professed object the worship of God, and which are tolerated by the third section of the first article of the constitution of this state; that is, such as do not tend to acts of licentiousness or practices inconsistent with the peace or safety of the state. Neither is there any thing to distinguish between the worshippers. All persons, in whatever capacity they attend a religious meeting, whether to conduct or to unite in the exercises of devo-

tion, are equally exempt from the payment of toll. They were by the law of 1849 exempt from the payment of toll for the entire distance traveled for the purpose named. It would always be a question whether the travel was in good faith to attend a religious meeting, and for no other purpose, or whether the attendance at such meeting was a mere pretext to evade the payment of the toll imposed upon ordinary travelers. The statute has been amended by limiting the distance from the residence of a person, within which he may be exempt from the payment of toll in going to or from a religious meeting. (*Laws of* 1851, *p.* 191, § 1, *sub.* 1.) The act named is an act amending the act of 1849, not declaring the meaning of a doubtful provision, and can have no force in the construction of the latter statute. Indeed the language of the act is so plain that there is no room for construction. The plaintiff was therefore by law entitled to be exempt from toll.

Secondly. It is insisted that if the plaintiff was entitled to pass over the road free of toll, still he is not entitled to maintain an action against the defendant for the penalty imposed by law for demanding and receiving more toll than by law he was authorized to collect, upon the ground that such penalty is given only to travelers or passengers who are liable to the payment of toll; and for this position reliance is placed upon *Conkling* v. *Elting*, (2 *John.* 410,) and *Norval* v. *Cornell*, (16 *Id.* 73.) These cases were decided under the provisions of the act of 1813, (1 *R. L.* 284, § 9,) which differed essentially in its terms from the act giving the penalty for which this action is brought. (1 *R. S.* 587, § 50.) The former act provides " that if any toll-gatherer shall unreasonably delay or hinder any traveler or passenger at either of the said gates, or shall demand and receive more toll than by this act is established, he shall for every such offense forfeit and pay five dollars," &c. The provision of the revised statutes is in these words : " Every toll-gatherer who at any turnpike gate shall unreasonably hinder or delay any traveler or passenger *liable to the payment of toll*, or shall demand and receive *from any person* more toll than by law he is authorized to collect, shall for each offense forfeit the sum of

Skinner *v*. Anderson.

five dollars to the person aggrieved." The action in *Conkling* v. *Elting* was for delaying and hindering the plaintiff at a toll gate, he being entitled to pass over the road free of toll, and the court held that the act gave the penalty only to one class of persons, and that was to those who were obliged to pay toll— assigning as a reason that "they are denominated travelers or passengers, and the penalty is for unreasonably delaying them. This would seem to imply a right to delay them a reasonable time and until the toll was paid. But if the section applies to persons entitled to an exemption from toll, any hinderance whatever would be illegal. As to them the road is free, and on the same footing with any common public highway; and the remedy for any hinderance or interruption in the free use of the road, must be the same as if it had happened on any other public highway." *Norval* v. *Cornell* was a case of the same character, and decided upon the authority of this case. It will be seen that the reasoning of the court had reference solely to that branch of the statute imposing a penalty for *hindering or delaying travelers or passengers unreasonably*. The court did not allude to the penalty for demanding and receiving more toll than was allowed by law. If, therefore, the statute now were the same as that under which these decisions were made, we are not concluded by them. The revisers have made the statute to conform to these decisions by imposing the penalty for hindering or delaying passengers *liable to pay toll* only. (3 *R. S.* 2*d ed.* 528;) but evidently did not suppose the principle of these decisions extended to the penalty given for the other offense named in the section. (*Chestney* v. *Coon*, (8 *John.* 150,) was an action in behalf of a person entitled to be exempt from the payment of toll, to recover the penalty for exacting toll, that is for demanding and receiving more toll than the defendant, the toll-gatherer, had a right to receive of the plaintiff under a statute in terms the same as that under which the cases of *Norval* v. *Cornell*, and *Conkling* v. *Elting*, were decided, (*Laws of* 1806, *p.* 327,) and the plaintiff recovered before the justice, and the judgment was affirmed on certiorari. This case is inconsistent with those in 2d and 16th of Johnson, if the penalties for the

Skinner *v.* Anderson.

two classes of offenses are given only to the one class of persons, that is "passengers or travelers liable to pay toll." But the cases are quite consistent, upon the ground that by the revised laws the penalty for unreasonably hindering and delaying travelers is given only to those who may, within reasonable limits, be detained, that is, to those liable to pay toll, while the penalty for the other offense, is given to any person from whom money is illegally exacted under the name of toll. The decisions are in this view not inconsistent with each other; and when each is read in reference to the particular portion of the statute under examination, the plaintiff is, within the cases cited, entitled to a judgment of affirmance. But if there were any doubt upon the question, under the revised laws, the revised statutes have placed the same beyond doubt, and made the law in terms conform not only to the decisions in 2d and 16th of Johnson, but also to that in the 8th of Johnson. The penalty is given to the party aggrieved, for exacting of "*any person*" more toll than the toll-gatherer is authorized to receive. He was not authorized to receive any toll, and if he exacted any, he brought himself within the terms of the act. If "any person" was intended to embrace only such as were entitled to the benefit of the penalty first given, why were not more appropriate terms used to manifest that intent? The revisers were careful to remove all doubt upon the question as to the persons entitled to maintain an action for the first penalty, and if the same restriction had been intended as to the other penalty the same care would have been taken to make the restriction plain. It would easily have been done by using the terms "any *such person*," or "any such traveler or passenger," or some similar expression. But they have designedly employed the general term "any person," in contrast to the limited class of persons designated in the first clause of the section, to show that all persons, of every class, were intended to be within the protection of the last provision and entitled to the penalty, upon being subjected to an illegal exaction of toll. The judgment of the county court must be affirmed.

[ONEIDA GENERAL TERM, January 5, 1852. *Pratt, Gridley, W. F. Allen* and *Hubbard,* Justices.]