CUMMINGS *vs.* WARING.

Where one owns, and lives upon, a farm, and also owns another parcel of land which is entirely separate from, and not contiguous to, the homestead, his team, while driven upon a plank road in going to and from work on the detached parcel of land, is liable to the payment of half tolls, if such parcel is within a mile of the toll-gate.

The provision of the statute, in relation to plank roads and turnpike roads, declaring that " farmers living on their farms within one mile of any gate," &c., " shall be permitted to pass the same free of toll, when going to or from work on said farms," does not apply to such a case.

ACTION brought by the plaintiff in a justice's court, against the defendant as gate-keeper on the Rochester and Webster plank road, for penalties incurred in demanding and receiving tolls of the plaintiff for passing the gate ; he claiming to be exempt from toll. The plaintiff was a farmer residing upon his farm, consisting of about ninety acres, in the town of Irondequoit, about a quarter of a mile west of the defendant's toll-gate. He also owned and worked another parcel of land, east of the gate, consisting of about seventeen acres, which was entirely separate and about a quarter of a mile distant from the ninety acre farm, which he worked in connection with the homestead, with the same men and teams; the men and teams being kept and fed at the house on the home farm, and the produce drawn from one parcel to the other, for storing and use ; the barns upon the seventeen acres

being unfit to store grain, but answering to store hay and straw. The plaintiff claimed to pass the gate of the defendant when going to and from the seventeen acre parcel, free of toll; and the defendant demanding and receiving toll of him (being half toll as allowed by law, he living within one mile of the gate,) the plaintiff brought this action against the defendant to recover forty-three penalties of five dollars each, for receiving the toll. The justice rendered judgment against the defendant for $200, besides costs. From this judgment the defendant appealed to the Monroe county court, where the judgment was affirmed, and from the judgment of the county court the defendant appealed to this court.

*D. Wood*, for the appellant.

*Geo. T. Parker*, for the respondent.

*By the Court*, JAMES C. SMITH, J. The question in this case is whether the plaintiff was by law exempt from the payment of the tolls demanded by the defendant. The provision of the statute under which he claims exemption is in these words: "Farmers living on their farms, within one mile of any gate, by the most usually traveled road, shall be permitted to pass the same free of toll, when going to or from their work on said farms." (*Laws of* 1851, *ch.* 107, § 1, *sub.* 6.) The plaintiff owned, and lived upon, a parcel of land of ninety acres, west of the gate at which the tolls were demanded, and also owned another parcel, east of the gate, of about seventeen acres, which was entirely separate from the west piece, and about a quarter of a mile distant from it; and his servant, of whom the tolls were demanded, was at the time going to and from the work of the plaintiff, on the seventeen acres.

I do not think the plaintiff is within the provision above referred to. Its language is clear and explicit. "Farmers *living on their farms*," &c., are exempt when "going to and

from their work on *said* farms;" that is, on the farms on which they live. The two parcels of land were not contiguous; each had a dwelling house upon it; and the plaintiff lived on the west piece, and had lived there forty years, and never lived on the other.

The plaintiff claims, however, that the east parcel, although it did not adjoin the home farm, is to be regarded as a *part* of it. That in this respect it is like a wood lot or any other outlying parcel, used in connection with the main body of land, and necessary to make the whole a complete farm. But this position is not warranted by the evidence. It does not appear that the land east of the gate was essential to the completeness of the ninety acre piece, as a farm. It had a barn, as well as a dwelling house of its own, so that it could be carried on as a farm separately. The greater part of it was in fact worked by itself, after the plank road was built, till 1861, the year in which the tolls were demanded. In that year the dwelling house was occupied by tenants of the plaintiff, and although he worked the land, he employed no additional hands or teams, no alterations were made in the buildings on either farm, and the east farm remained in a condition to be again rented or carried on by itself whenever an opportunity should occur. In short, the use of it by the plaintiff himself, in 1861, was merely temporary, and the two parcels were then as essentially separate farms as they had previously been, or as they would have continued to be if the east farm had been worked by the tenants who lived on it, and the plaintiff had received its proceeds in the shape of rent instead of crops raised by himself. The ground of the plaintiff's claim is therefore narrowed down to the circumstance that, during the year in which the tolls were demanded, the seventeen acre piece as well as the home farm was *worked by him*, and the man and team employed on it were kept and fed upon the home farm.

In other words, the judgment below cannot be sustained, except by holding that the statute permits farmers living

Cummings *v.* Waring.

within one mile of the gate, to pass free of toll, in going to and from their work on *any* of their farms. But precisely this was the law before the act of 1851, and that act was intended to change it, in respect to the very point under consideration. Section 2, ch. 360, of laws of 1848, which was in force when the act of 1851 was adopted, was in these words: "Any company formed under said act (the act of 1847) may take half the rates of tolls, and no more, provided for in said act, from persons living within one mile of the gate at which it is taken; but no tolls shall be taken from farmers going to and from their work on *their farms.*"

The intention of the legislature to make the change above adverted to, is also obviously manifested in section 4 of chapter 546 of the laws of 1855, which amends the section just cited, so that the last clause thereof is as follows: "but no toll shall be taken from farmers going to or from their work on their farms, *on which they reside,*" &c.

The case of *The Commonwealth* v. *Carmalt,* (2 *Binn.* 235,) cited by the plaintiff's counsel, is not in point. The language of the statute material to the question there decided was this; "when passing from one part of his or her farm to the other along the said road." So in *The Newburgh and Cochecton Turnpike Company* v. *Belknap,* (17 *John.* 33,) the language was, "or to or from his common business on his farm," &c. In neither case was there any express words of restriction similar to those in the acts of 1851 and 1855, above referred to, but the statutes before the court in those cases were, in respect to the question under consideration, substantially the same as our statute of 1848, above cited, in its original shape.

I am of the opinion that the plaintiff was liable to pay the tolls demanded, and that the judgment of the county court and that of the justice should be reversed.

Ordered accordingly.

[MONROE GENERAL TERM, December 1, 1862. *Johnson, J. C. Smith* and *Welles,* Justices.]