Bock *v.* The State.

---

BOCK *v.* THE STATE.

TURNPIKE.—*Toll-Gate.—Refusal to Pay Toll.*—A turnpike company, entitled by statute to erect a toll-gate and collect toll, may close such gate against a traveller liable to pay toll who attempts to pass without payment.

SAME.—*Criminal Law.—Malicious Trespass.*—Where a traveller, liable to pay toll, but refusing to do so, against whom a toll-gate was so closed, forcibly sawed open the gate and passed through, he was guilty of malicious trespass.

From the Hamilton Circuit Court.

Bock v. The State.

*Garver & Losey,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

PETTIT, C. J.—This prosecution was commenced before a justice of the peace, against the appellant, for malicious trespass, in injuring a toll-gate on a gravel road. There was judgment of guilty, and a fine assessed before the justice. On appeal, the case was tried by the court, without a jury, resulting in a judgment of guilty and a fine of five dollars.

The only question is as to the sufficiency of the evidence to sustain the finding and judgment. It shows that the defendant was travelling with a two-horse team, and refused to pay toll, and the gate was closed against him, and he took a pistol in one hand and a saw in the other, with which he sawed open the gate and went through.

It is claimed that the company had no right to close the gate and prevent travel on the road unless toll was paid, and that the only means for collecting toll is by suit. We do not think so. Sec. 13, 1 G. & H. 477, authorizes the company to erect toll-gates, and we think, by necessary implication, that the gates may be closed against all travellers who are liable but refuse to pay toll. See *Pingry* v. *Washburn,* 1 Aikens, 264; *Green Mountain Turnpike Co.* v. *Hemmingway,* 2 Vt. 512.

It is claimed that the road was out of repair to such an extent that the defendant was not liable to pay toll, and section 10, 1 G. & H. 477, is cited. The evidence as to the condition of the road is somewhat conflicting, and on it we cannot reverse the judgment.

The judgment is affirmed, at the costs of the appellant.