OCENUS VAN BUREN v. GEORGE WYLIE.

*Exaction of excessive toll—Penal statutes.*

1. Penal statutes should not be extended by construction.

2. How. Stat. § 3636 imposing a penalty upon gate-keepers for exacting *excessive* toll does not apply to a case where it is claimed that he is not entitled to take toll at all, and where the question of his right to collect is purely legal.

Error to Kent. (Montgomery, J.) April 9.—April 29.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Godwin & Earle* for appellant.

*Maher & Felker* for appellee.

COOLEY, C. J. The defendant was a gate-keeper on a gravel road, and was sued for penalties under How. Stat. § 3636 for exacting "more toll than by law he is authorized to collect." The claim of the plaintiff was that he was not liable to any toll at all: *first*, because the road was not in such condition as to justify the collection of any toll; and *second*, because the plaintiff at the time was merely passing through the gate in going from one part of his farm to another.

If the facts were as plaintiff claims, I do not think the statute applies. The penalty given by the statute is given for taking excessive toll, and the statute plainly implies that some toll is collectable. This was the view taken of a like statute in New York. *Conklin v. Elting* 2 Johns. 410; *Norval v. Cornell* 16 Johns. 73. A different decision was only made in that state after the statute had been so changed as to admit of it. *Skinner v. Anderson* 12 Barb. 648.

A penal statute should not be extended by construction, and there is certainly no reason for it in this case; for a statute which should compel a gate-keeper to decide correctly under considerable penalties all disputed questions of exemption and of the sufficiency of the road would be harsh, to say the least, if not unreasonable. But I do not think this statute so intends.

The judgment should be affirmed.

CAMPBELL, J. concurred.

SHERWOOD, J. Section 41 of the Plank-road Act of 1851 (How. Stat. § 3636) provides that "every toll-gatherer at any such gate, who shall unreasonably hinder or delay any traveler or passenger, or shall demand or receive from any person

more toll than by law he is authorized to collect, shall, for each offense, forfeit the sum of five dollars to the party aggrieved, and shall be liable to the party aggrieved for all damages."

This action was brought to recover from the defendant, who was a toll-gatherer in the employ of the Grand Rapids & Walker Plank Road Company, the amount of twenty-two penalties, incurred, as plaintiff claims, for an equal number of violations of the above-mentioned act.

The plaintiff owned a farm in the city of Grand Rapids and carried on another in Walker township, out of the city and over half a mile from the first. In January, 1884, in carrying on his farming operations, he was obliged to go from one farm to the other twenty-two times, and in so doing had to pass through the toll-gate of defendant, who compelled him, against his protest, to pay the toll demanded, before plaintiff was allowed to pass.

The plaintiff claimed, first, that he had a right to pass free while going from one farm to the other in performing his legitimate farm work, under How. Stat. § 3625 ; and second, that the company having failed to make the road of the grade and to cover it with gravel to the depth required by statute, the company had acquired no right to collect of the plaintiff the toll demanded. How. Stat. §§ 3623, 3624. The declaration contains twenty-two counts—one for each forfeit-ure claimed. The defendant pleaded the general issue. The cause was tried before Judge Montgomery in the Kent cir-cuit without a jury. The record contains the facts found by him and his conclusion of law, upon which he rendered judg-ment for the defendant.

The court found as facts that the company erected the toll-gate and employed the defendant to act as toll-gatherer ; that the plaintiff carried on the two farms together in his business, and that they were the distance apart above stated ; that he resided on the city farm, and in conducting his regular farming business on both, in passing from one to the other, he made the twenty-two trips to the outlying one ; that in so doing he was obliged to pass through the gate of defendant

and paid the toll demanded by defendant against protest, it being one cent for each trip, and that the road upon which the gate was erected had been used many years as a public highway.

On the trial the plaintiff offered to prove that the road over which he traveled and upon which the toll was so demanded and paid, the company had not made of such grade and covered the same to the depth of seven inches with gravel or pounded stone, and that the road had never been completed as required by the statute before toll could be required by defendant.   This proof was rejected by the court and plaintiff's counsel excepted.

The court held as a matter of law that the plaintiff could not recover; that the statute under which the action is brought provides for the recovery of a penalty only in cases where the company is authorized to collect some toll, and collects more than the law provides it may ; and the cases of *Conklin v. Elting* 2 Johns. 410; *Norval v. Cornell* 16 Johns. 73, and *Evans v. Newkirk* 3 N. J. L. 433, are cited in support of this holding.   The statutes under which these decisions were made are not the same as ours.   Only one class of persons is included in the New York and New Jersey statutes, while two classes are clearly referred to in ours. The first class are travelers or passengers who are liable to pay toll and are unnecessarily hindered or delayed or more than the legal amount of toll is required of them.   Any person from whom any toll is taken which the company has no right to receive is included in the second class and subjects the toll-gatherer to the penalty.   *Skinner v. Anderson* 12 Barb. 648; *Chestney v. Coon* 8 Johns. 151.

Under the facts found and offered to be proved by competent evidence, I do not think the plaintiff was under any obligations to pay toll while going to and from his farm in carrying on his farming, but was exempt under How. Stat. § 3625.   See also *Cummings v. Waring* 39 Barb. 633 ; *Newburgh & Cochecton Turnpike Co. v. Belknap* 17 Johns. 33 ; *Commonwealth v. Carmalt* 2 Binn. 235.

The court also erred in not permitting the plaintiff to

show that the road was not completed and therefore the defendant was not entitled to demand the toll required. The road must be made as required by statute before toll can be demanded.   How. Stat. § 3624.

For these errors the judgment should be reversed and a new trial granted.

CHAMPLIN, J. did not sit in this case.