PEOPLE *v.* CLOBRIDGE.

CRIMINAL LAW—STATUTES—FAILURE TO TREAT EYES OF NEWLY-BORN INFANT.

In prosecution of physician for failure to treat eyes of newly-born infant with prophylaxis, as required by 1 Comp. Laws 1915, § 5037 *et seq.,* order granting dismissal on ground that statute requires treatment to be given within one hour after birth, and therefore defendant, who did not arrive until eight hours after birth, was guilty of no offense in failing to give said treatment at that time, is affirmed, on review, by equally divided court.

Error to Hillsdale; Parker (James S.), J. Submitted October 17, 1929. (Docket No. 152, Calendar No. 34,482.) Decided January 24, 1930.

Charles E. Clobridge was arrested for violating Act No. 123, Pub. Acts 1913, 1 Comp. Laws 1915, §§ 5037–5040, relative to treatment of eyes of newly-born infants. From an order granting motion to dismiss, the people bring error. Affirmed by an equally divided court.

*Wilber M. Brucker,* Attorney General, *Paul G. Eger,* Assistant Attorney General, and *G. Forrest Lewis,* Prosecuting Attorney, for the people.

*Paul W. Chase* and *B. D. Chandler,* for defendant.

POTTER, J. *(for affirmance).* Defendant was charged in the information filed against him with having violated Act No. 123, Pub. Acts 1913; 1 Comp. Laws 1915, §§ 5037–5040. An order granting defendant's motion to quash is reviewed by the people by writ of error.

A child was born at 3 o'clock a. m. November 10, 1928. No physician was present. The child's father tried to secure the services of defendant, a regular practicing physician, but defendant was busy and could not then respond. He did, however, visit the mother and child eight hours after the child's birth, but did not treat the child's eyes with a prophylaxis named and approved by the State board of health. The child subsequently became blind. The statute (1 Comp. Laws 1915, § 5038) provides in part:

"It shall be the duty of any physician, nurse or midwife who shall assist and be in charge at the birth of any infant, or have care of the same after birth, to treat the eyes of the infant with a prophylaxis approved by the State board of health; and such treatment shall be given as soon as practicable after the birth of the infant and always within one hour."

If the contention of the people is correct, the language "always within one hour," in the statute, is surplusage. These clear and express words of limitation may not be disregarded, but must be given full force and effect. The statute, by providing such treatment shall be given "always within one hour" after the birth of a child indicates that, in the opinion of the legislature, subsequent treatment would be useless, if not dangerous.

The statute relied upon is a penal one, and cannot be enlarged or extended by construction. *Van Buren* v. *Wylie,* 56 Mich. 501; *Van Camp* v. *Railroad Co.,* 137 Mich. 467.

On the other hand, it must be strictly construed. *Crosby* v. *Railroad Co.,* 131 Mich. 288.

"It is a cardinal rule of statutory construction that full effect shall be given to every part of the

act under consideration. Every clause and every word is presumed to have some force and meaning. No portion should be rendered nugatory." *Attorney General* v. *Detroit Board of Education,* 154 Mich. 584.

"It is a cardinal rule in the construction of statutes that effect is to be given, if possible, to every word, clause, and sentence. It is the duty of the court, so far as practicable, to reconcile the different provisions, so as to make them consistent and harmonious, and to give a sensible and intelligent effect to each." *Rohde* v. *Wayne Circuit Judge,* 168 Mich. 683.

No one may be punished under a statute for acts not clearly within the scope of its provisions.

"If the acts alleged do not come clearly within the prohibition of the statute, its scope will not be extended to include other offenses than those which are clearly described and provided for; and if there is a fair doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of defendant." 36 Cyc. p. 1186.

The acts of defendant, instead of coming within the express language of the statute, are clearly not covered by its terms. The statute provides, in effect, for the treatment of a new-born child as soon as practicable, provided the treatment be administered "always within one hour" after the child's birth. If good practice required the treatment of the child's eyes eight hours after its birth, defendant may be civilly liable for malpractice, but cannot be convicted criminally.

Judgment affirmed.

CLARK, NORTH, and FEAD, JJ., concurred with POTTER, J.

McDONALD, J. *(for reversal)*. The defendant is a practicing physician in Hillsdale county, Michigan. On complaint of LeRoy A. Potter, State health inspector, he was arrested on a complaint charging failure to treat the eyes of a newly-born infant with prophylaxis as required by the statute relative to the prevention of blindness in the newly-born. An examination was had before a magistrate, and the defendant was held to the circuit court for trial. After arraignment, the circuit judge granted a motion to dismiss the cause and discharge the defendant on the ground that the testimony did not show he had committed any offense under the statute. The people have brought error.

The applicable portion of the statute, 1 Comp. Laws 1915, §§ 5037–5040, reads as follows:

"(5038) SEC. 2. It shall be the duty of any physician, nurse or midwife, who shall assist and be in charge at the birth of any infant, or have care of same after birth, to treat the eyes of the infant with a prophylaxis approved by the State board of health; and such treatment shall be given as soon as practicable after the birth of the infant and always within one hour."

The facts upon which the prosecution is based are not in dispute. Wanita Cornish was born at three o'clock in the morning on the 10th of November, 1928. No doctor was present. Her father attempted to secure the attendance of the defendant, but he was busy at the hospital and did not arrive until eight hours after the birth of the child. He did not treat her eyes, but left some medicine for the mother. Seven days later it was found that the baby was suffering from gonorrhea ophthalmia. Treatment at Ann Arbor failed to save her sight, and she is now blind. On these facts the defendant says that he is

not guilty of any offense under the statute above quoted, that the penalty provided is for failure to give the approved prophylaxis within an hour after birth and he was not in attendance at that time.

The facts show that the defendant had professional care of the child eight hours after its birth. The question is whether he is excused by the statute from administering the prophylaxis at that time. If so, it is because of the language which reads:

"And such treatment shall be given as soon as practicable after the birth of the infant and always within one hour."

It is urged that the statute in question is a penal statute and must be construed strictly. That is true, but penal statutes are not to be construed so strictly as to defeat the plain purpose of the legislature in enacting them. 25 R. C. L. p. 960.

The rule that penal statutes are to be construed strictly does not apply to provisions that are directory merely. These ought to be liberally construed to accomplish the purpose of the act. 36 Cyc. p. 1173.

The one-hour provision of this statute is directory and ought to be liberally construed. Considering the reason for the statute and its obvious purpose, surely it was not the intention of the legislature to exempt from the penalty a doctor who does not arrive until 1 hour and 5 minutes after the birth of the child and fails to give the required treatment. The gist of the offense is not in failure to give the treatment in 1 hour after birth, but in not giving it as soon as practicable. The provision in regard to time was evidently inserted to induce prompt action on the part of the physician. Having in mind the obvious purpose of the statute, it would be absurd to

say that it was intended to limit the time in which he should act to one hour after birth. Undoubtedly, treatment 5 minutes after that time would be just as beneficial as though given during the hour. As we construe that provision of the statute in which time of treatment is specified, it means that it should be administered always within one hour after birth if possible, and, if not possible, as soon as practicable thereafter. Obviously such was the legislative intent, and "intention of the legislature constitutes the law." 25 R. C. L. p. 960. The undisputed facts in this case show a violation of the statute by the defendant.

The court erred in discharging him. The judgment should be reversed, and the cause remanded for further proceedings.

BUTZEL and SHARPE, JJ., concurred with McDONALD, J.

WIEST, C. J. *(concurring in reversal).* I concur in the reversal, but do so on the ground that the statute is mandatory, and requires administration of the treatment within one hour after the birth of a child, if a physician is then present, or as soon thereafter as a physician is present.

I cannot accept the postulate that "intention of the legislature constitutes the law." The intention of the legislature expressed in a valid enactment is law.